IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WALTER H. HOLLOWAY,
Pedestrain/K-9 Officer,

                Plaintiff,

    vs.

HELD RECORDS OF DMV, and THE
DRIVER ATTORNEY/LAWYER
MICHEAL DOWD OF CORRIGAN
DOWD LAW FIRM,

              Defendants.

**8:21CV207**

**MEMORANDUM
AND ORDER**

Plaintiff, a non-prisoner, has been granted leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff's Complaint (Filing 1) is incomprehensible. Plaintiff's stated basis for this court's jurisdiction is as follows: "I was charged with two crimes of motor vehicle homicide when I did not have a driver's license or car. As well speedy trial of the death penalty[1], held in the Pinnacle Bldg. on Dodge. How can I be re-charged

---

[1] Nebraska Department of Correctional Services electronic records indicate that Plaintiff has never been subject to the death penalty, but has been imprisoned for second-degree assault, use of a firearm to commit a felony, attempted first-degree assault, and burglary. He has been discharged from prison for all such offenses. *See* https://dcsinmatesearch.ne.gov/Corrections/InmateDisplayServlet?DcsId=37359&return=true. The court may take judicial notice of public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005).

for insanity of an old set up." (Filing 1 at CM/ECF p. 3 (spelling & capitalization corrected).) Plaintiff describes his claim as: "Insanity does not have a appeal, it is a illegal sentence to impose on a person whom fight for right his full life, the right to receive a settlement and leave a area that will not change." (*Id*. at p. 4 (spelling & capitalization corrected).) Finally, Plaintiff asks for the following relief: "To be claimed as a class of Negroes, to receive tax refunds from public purchases. The right to have I.D. under the Mexican immigration laws. Recognize no appeal is illegal." (*Id*. (spelling & capitalization corrected).)

To the extent Plaintiff's later-filed correspondence (Filings 7, 8) could be considered amendments to his Complaint, Fed. R. Civ. P. 15(a)(1), they are even more unintelligible than the Complaint, consisting of random phrases and documents.

## II.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Because this court can identify no federal statutory or constitutional provision that would give rise to a plausible claim for relief against any named defendant, and because Plaintiff's allegations are completely unintelligible and without a factual or legal basis, this action should be dismissed on initial review.[2] *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Plaintiff will not be granted leave to amend his Complaint because such amendment would be futile. *See Silva v.*

---

[2] The court notes that other recent actions filed by Plaintiff have been dismissed as frivolous. *See Walter H. Holloway v. DMV Dep't of Motor Vehicles, et al.*, Case No. 8:19CV326 (D. Neb. Aug. 5, 2019); *Walter H. Holloway v. False Address to Avoid Relief of Court*, Case No. 8:19CV127 (D. Neb. Apr. 19, 2019); *Walter H. Holloway v. Omaha Public Power District, et al.*, Case No. 8:18CV208, 2018 WL 2320644 (D. Neb. May 22, 2018); *Walter H. Holloway v. Maria, et al.*, Case No. 8:18CV135 (D. Neb. Apr. 10, 2018), *aff'd*, No. 18-1806 (8th Cir. Aug. 13, 2018); *Walter H. Holloway v. Maria, et al.*, Case No. 8:18CV108 (D. Neb. Apr. 10, 2018), *aff'd*, No. 18-1857 (8th Cir. Aug. 13, 2018); *see also Walter H. Holloway v. MUUD, et al.*, Case No. 8:18CV560 (D. Neb. Jan. 7, 2019) (dismissal for failure to prosecute and to comply with court orders); *Walter H. Holloway v. Omaha Work Staffing, et al.*, Case No. 8:18CV497, 2019 WL 77431 (D. Neb. Jan. 2, 2019) (dismissal for failure to state a claim).

*Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile"); *Filipe v. FBI*, No. 8:18CV215, 2018 WL 11249338, at *1 (D. Neb. June 1, 2018) ("the court will dismiss this action as frivolous and with prejudice as the defects in the Complaint cannot be remedied through more specific pleading").

Accordingly,

IT IS ORDERED:

1.      Plaintiff's Complaint (Filing 1) is dismissed with prejudice as frivolous.

2.      Judgment will be entered by separate document.

DATED this 2nd day of August, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge